FERREIRA, PETITIONER, v. LÓPEZ, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Guayama *in Re* a Memorandum of Costs.

No. 305.—Decided January 21, 1921.

COSTS—JURISDICTION.—A municipal court having no jurisdiction to tax attorney fees on a judgment rendered by the district court on appeal from the said municipal court, it is necessary to conclude that an appeal from an order of the municipal court refusing to entertain such jurisdiction can not have the effect of giving the district court jurisdiction.

ID.—ID.—QUAERE.—Whether a district court may render judgment for attorney fees in any case regardless of the amount involved.

ID.—ID.—QUAERE.—Whether the party obtaining judgment in a district court on appeal from a municipal court must file his memorandum of costs within ten days after the judgment is entered by the district court.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the petitioner.

The respondent did not appear.

*Mr. T. Bernardini* for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

Pedro Pagán sued Cervoni Díaz in the Municipal Court of Guayama for $260.82. To secure his judgment he obtained an attachment against the alleged property of the debtor. Angel Ferreira claimed that some of the property so attached belonged to him and intervened in the suit, valuing

the property at $35.37. The municipal court decided against the intervenor and rendered judgment against him without costs. The intervenor appealed to the District Court of Guayama, which likewise rendered judgment in favor of the complainant, dismissing the intervention and imposing costs, disbursements and fees on the said intervenor, whereupon Pedro Pagán, the original complainant, filed a memorandum of costs, not in the District Court of Guayama, but in the municipal court. To the memorandum so filed in the municipal court the said intervenor, now petitioner in this court, objected because, (*a*) there was no authority in law to tax lawyers' fees in the municipal courts; (*b*) because there was no law authorizing a municipal court to tax fees in a suit that had been heard *de novo* in the district court; (*c*) because the District Court of Guayama had no authority under the law to mulct the petitioner in counsel fees, and for other grounds which it is unnecessary to set forth.

The municipal court dismissed the memorandum of costs, saying that the court was incompetent to render judgment on the memorandum. This order of the municipal court was appealed to the District Court of Guayama. When the case was heard in the district court the petitioner opposed the award of fees on the additional ground that the claim for fees was not presented within ten days from the rendition of judgment of the district court as the law requires. The District Court of Guayama filed a lengthy decision or order in which it held that it had jurisdiction to hear the case, and set another day for the discussion of whether the attorney's fees were excessive.

One point is immediately obvious, and that is that the Municipal Court of Guayama had no jurisdiction to tax fees on a judgment rendered by the District Court of Guayama. It was, however, by virtue of the order refusing to entertain jurisdiction of the memorandum of costs that the matter of such memorandum was presented to the District Court

of Guayama on appeal. If the municipal court had no authority to award such counsel's fees the District Court of Guayama could acquire no authority on appeal. There is no doubt that the jurisdiction of the District Court of Guayama was invoked solely by reason of the appeal. This sufficiently appears from the order of the court fixing another day to consider the memorandum of costs, and thereafter, on October 8, 1920, the District Court of Guayama rendered judgment in the case so appealed, fixing the memorandum at $82.

We shall not, although we have some doubts, discuss with the district court the question of whether such a court may now render judgment for fees in any case, no matter what the amount involved, the court in part basing its conclusion on section 327 of the Code of Civil Procedure as amended by Law No. 38 of April 12, 1917. It may be true that in a case properly before it the court may render judgment in appeals from municipal courts and impose fees against the losing party. We think that the petitioner is right in maintaining that the complainant should have filed his memorandum of costs within ten days after the judgment rendered by the District Court of Guayama as required by the law. It is not necessary to decide this question absolutely, because, as we have said, the municipal court was without jurisdiction to pass on the memorandum of costs and the District Court of Guayama acquired no jurisdiction by the appeal.

The orders of September 27, 1920, entertaining jurisdiction of the case and the order of October 8, 1920, fixing the memorandum of costs at $82 must be annulled and the case sent back to the District Court of Guayama with instructions to dismiss the appeal.

*Orders set aside and case remanded.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.